# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF IDAHO

| | |
|---|---|
| **In Re** <br><br> S. WADE GARDNER and <br> P. YVONNE GARDNER, <br><br> **Debtors.** | **Bankruptcy Case** <br> **No. 08-40730-JDP** |

## MEMORANDUM OF DECISION

**Appearances:**

David N. Parmenter, Blackfoot, Idaho, Attorney for Debtors.

Jared Harris, BAKER & HARRIS, Blackfoot, Idaho, Attorneys for Kent D. Campbell and Judy Campbell.

Ron Kerl, COOPER & LARSEN, Pocatello, Idaho, Attorneys for Dykeman Construction, Inc.

## Introduction

Debtors Wade and Yvonne Gardner ("Debtors") filed a petition for relief under chapter 7[1] of the Bankruptcy Code on August 20, 2008. Docket

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101 - 1532, and all rule references are to the

MEMORANDUM OF DECISION - 1

No. 1. On August 12, 2009 the Court conducted a hearing on (1) the Debtor's amended motion to avoid the judicial lien of Kent and Judy Campbell ("Campbells") under § 522(f), Docket No. 137, and (2) a preliminary hearing on Campbells' motion for relief from stay, Docket No. 159. Counsel for Debtors and Campbells appeared at the hearing and offered documentary evidence and legal argument. At the conclusion of the hearing, the Court noted that Debtor had also filed a motion to avoid the judicial lien held by Dykeman Construction ("Dykeman"), Docket No. 138, and that a hearing on that motion was scheduled for the following month. The Court therefore indicated it would take Campbells' stay relief motion and Debtors' motion to avoid Campbells' lien under advisement, but that it would defer ruling on those matters until after the conclusion of the hearing on Debtors' motion to avoid Dykeman's lien.

      Prior to the hearing on Debtor's motion to avoid the Dykeman lien, counsel for Debtors, Campbells, and Dykeman all agreed to submit the issues on stipulated facts, and to waive the hearing on that motion. A

---

Federal Rules of Bankruptcy Procedure, Rules 1001 - 9037.

MEMORANDUM OF DECISION - 2

stipulation of facts, which included additional documentary exhibits which all parties agreed were admissible, was submitted as Docket No. 197. Counsel for Dykeman appeared at the hearing to note that the stipulation had been filed, at which time the Court took that motion under advisement as well.

Having now reviewed the record, the arguments of the parties, and the applicable law, the Court issues the following Memorandum of Decision, which addresses each of the issues and disposes of all of the motions.[2]

### Facts

When Debtors filed their petition on August 20, 2008, they owned several parcels of real estate in Bingham County, Idaho. Debtors' primary residence was located at 789 N. Von Elm, Blackfoot (hereafter the "Von Elm Property"). The beneficiary under the deed of trust on the Von Elm Property had commenced foreclosure proceedings earlier that year.

---

[2] This Memorandum sets forth the Court's findings of fact, conclusions of law and reasons for its decision. Rules 7052, 9014.

MEMORANDUM OF DECISION - 3

Debtors also owned property at 24 E. Rich Lane, Blackfoot (hereafter the "Rich Lane Property").

While at the time their petition was filed Debtors resided on the Von Elm Property, they had commenced, but not completed, construction of a new a residence on the Rich Lane Property. Debtors would, however, occasionally stay at the Rich Lane Property in a 5th wheel trailer, which had been parked there since July 2008. In addition, Debtor Wade Gardner regularly uses the shop building on the Rich Lane Property in his business.

On the morning of August 20, 2008, Debtors recorded a Declaration of Homestead concerning the Rich Lane Property at the office of the Bingham County Recorder. Ex. 100. This declaration contains a legal description of the Rich Lane Property, an estimate of its actual cash value, and a declaration that Debtors intended to reside there and claim the premises as their homestead. Debtors did not record a Notice of Abandonment as to any homestead exemption they might have on the Von Elm Property.

MEMORANDUM OF DECISION - 4

Later that same day, Debtors filed their bankruptcy petition. The address listed for Debtors on the petition is that of the Rich Lane Property. When Debtors filed their schedules on September 4, 2008, they claimed the Rich Lane Property as exempt as a homestead under Idaho Code § 55-1003 in schedule C. *See* Docket No. 16. Neither the chapter 7 trustee nor any creditors filed any objection to allowance of the Debtors' claim to a homestead exemption in the Rich Lane Property.

Prior to the bankruptcy filing, several creditors had obtained state court money judgments against Debtors. On June 4, 2008, Campbells obtained a default judgment against Debtors in the amount of $28,130, which was recorded in the records of Bingham County on June 11, 2008. Ex. 101. On July 1, 2008, Dykeman obtained a judgment against Debtors in the amount of $82,342.03, which was recorded in the records of Bingham County on July 7, 2008. Ex. 102.

On May 29, 2009, Debtors filed motions to avoid these liens, as well as several others. *See* Docket Nos. 132-135. Debtors later amended these motions to correct service deficiencies. Two of the judicial lien creditors

MEMORANDUM OF DECISION - 5

did not object to Debtors' motions to avoid their liens, and the Court granted those motions and entered orders avoiding the liens on July 11, 2009. *See* Docket Nos. 172-173. Campbells and Dykeman, however, did timely object to Debtors' motions, giving rise to the issues addressed below.

## Discussion

**I.    Avoidance of judgment liens under the Bankruptcy Code.**

Section 522(f) of the Code provides:

> (f)  Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is -
>     (1)  a judicial lien . . . .

11 U.S.C. § 522(f).

Debtors assert that they may avoid the Campbell and Dykeman judgment liens pursuant to this Code section. Campbells and Dykeman dispute this contention. At the crux of the parties' arguments lies the question of the validity of Debtors' claim to a homestead exemption in the

MEMORANDUM OF DECISION - 6

Rich Lane Property.

Debtors remind the Court that Rule 4003(b) requires an objection to a debtor's claim of exemption to be made within thirty (30) days of the meeting of creditors held under § 341(a). Generally, unless a party in interest objects to a debtor's claim of exempt property, "the property claimed as exempt on [schedule C] *is exempt*." 11 U.S.C. § 522(l) (emphasis added). Debtors argue that because neither the trustee nor any other party in interest objected to their schedule C homestead claim within thirty days of their creditor's meeting (or at all), their homestead exemption is valid as a matter of law. As a result, Debtors contend, since Campbells' and Dykeman's liens are judicial liens[3] they may avoid the liens as impairing their homestead.

The creditors, on the other hand, note that Debtors failed to record a notice of abandonment concerning their homestead exemption in the Von Elm Property, which was the property in which they were residing at the

---

[3] The term "judicial lien" is defined to include a lien obtained "by judgment." 11 U.S.C. § 101(36).

MEMORANDUM OF DECISION - 7

time their bankruptcy petition was filed. As a result, Campbells and Dykeman argue that Debtors failed to take the steps necessary under Idaho state law to perfect their homestead exemption in the Rich Lane Property. Since the Rich Lane Property is not Debtors' homestead, the creditors argue, Debtors cannot avoid their judgment liens under § 522(f).

As explained below, the creditors are, for the most part, correct.

### A. Validity of an exemption by default.

In *Taylor v. Freeland & Kronz*, 503 U.S. 638 (1992), the Supreme Court resolved a split of authority in the circuits regarding whether a debtor's claim of exemption in a bankruptcy case, as to which no timely objection is filed, automatically results in the property being exempt. The Court held that where no timely objection is filed, the property claimed exempt is exempt. *Id.* at 643 (citing 11 U.S.C. § 522(l)). The Court concluded that because the trustee in that case had not objected to the debtor's claim of exemption within the 30-day time period allowed by the rules, he could not thereafter contest the validity of the exemption "whether or not [the debtor] had a colorable statutory basis for claiming it." *Id.* at 644. Thus,

MEMORANDUM OF DECISION - 8

under *Taylor*, even an exemption claim that is totally baseless will result in the property at issue being exempt if neither the trustee nor another party in interest timely objects to the exemption. Some courts have characterized this as an "exemption by default." *See Heintz v. Carey (In re Heintz)*, 198 B.R. 581, 583-84 (9th Cir. B.A.P. 1996) (citing additional cases).[4]

In this case, Debtors filed a declaration of homestead on the Rich Lane Property, then listed that property as exempt in their bankruptcy schedules. No party in interest objected within the time allowed by Rule 4003(b). Under *Taylor*, that property is therefore exempt pursuant to § 522(l). However, while Debtors may be entitled to an exemption by default in the Rich Lane Property, it does not necessarily follow that the judicial liens which attach to the property are avoidable under § 522(f).

**B. Effect of an exemption by default on avoidability.**

Though Debtors' Rich Land Property is exempt for purposes of their bankruptcy case, this Court, following the lead of the Ninth Circuit

---

[4] On April 27, 2009, the Supreme Court granted certiorari in a case involving the parameters of this principle. *See In re Reilly*, 534 F.3d 173 (3d. Cir. 2008), *cert. granted*, __ U.S. __, 129 S. Ct. 2049 (2009).

MEMORANDUM OF DECISION - 9

Bankruptcy Appellate Panel, has held that the failure of a creditor to timely object to a claim of exemption does not prevent that creditor from challenging the validity of the exemption in defense of a debtor's later motion to avoid its judicial lien. *See In re Conley*, 99.1 I.B.C.R. 7 (Bankr. D. Idaho 1999) (citing *Morgan v. Fed. Deposit Ins. Corp. (In re Morgan)*, 149 B.R. 147 (9th Cir. B.A.P. 1993)).

In *Morgan*, the Ninth Circuit Bankruptcy Appellate Panel outlined a four-part test for avoidance of a lien:

> (1) There must be an exemption to which the debtor "would have been entitled" under subsection (b) of § 522;
> (2) The property must be listed on the debtor's schedules and claimed as exempt;
> (3) The lien at issue must impair the claimed exemption; and
> (4) The lien must be either a judicial lien or another type of lien specified by the statute.

*In re Morgan*, 149 B.R. at 151 (citing *In re Mooring*, 142 B.R. 389, 392 (Bankr. E.D. Cal. 1992)). In this case, Debtors listed the Rich Lane Property in their schedule C, and claimed it as exempt under Idaho Code § 55-1003. The Dykeman lien and the Campbell lien are both judicial liens and they both

MEMORANDUM OF DECISION - 10

impair Debtors' claimed exemption. Accordingly, the second through the fourth elements of this test are satisfied. Here, as is *Morgan*, only the first element of the test is at issue.

Like the debtor in *In re Morgan*, Debtors argue that the validation of their homestead exemption by default satisfies the first element of this test. In *In re Morgan*, the Panel declined to accept that argument. The Panel explained:

> The first element of the test described above is that the debtor "would have been entitled" to the exemption under § 522(b). That the debtor is entitled to the exemption by virtue of § 522(l) does not mean that the debtor "would have been entitled" to the exemption under § 522(b) which provides that a debtor may claim either state or federal exemptions. This language requires the court to find that the debtor is entitled to the exemption under relevant state or federal law in order to authorize the avoiding of a lien under § 522(f). Reliance by the exemption-by-default of § 522(l) does not satisfy this burden.

*In re Morgan*, 149 B.R. at 151-52. Agreeing with that approach, this Court noted:

> A judicial lien creditor in most cases has no

MEMORANDUM OF DECISION - 11

> incentive or reason to object to an improper claim of exemption in the early stages of the case and within the time limits required by Rule 4003(b). But the same creditor may have a vital interest in contesting the exemption later – when (and if) the debtor seeks to avoid the judicial lien.

*In re Conley*, 99.1 I.B.C.R. at 7.

"[A]t a hearing on [a] motion to avoid a lien under § 522(f), the creditor bears 'the burden of proving that the exemptions are not properly claimed.'" *In re Morgan*, 149 B.R. at 152, n. 3 (citing Rule 4003(c)). However, if a lien creditor comes forward with evidence questioning the validity of the exemption, the debtor may need to produce evidence supporting the claim of exemption in order to persuade the court to allow the lien avoidance. *Id.* at 152, n. 4. In this case, Campbells and Dykeman both assert that Debtors' failure to record a notice of abandonment on the Von Elm Property precludes a claim of exemption in the Rich Lane Property. They are correct.

In Idaho, a person may automatically establish a homestead in property which he or she owns by simply occupying the property as a

MEMORANDUM OF DECISION - 12

principal residence.  *See* Idaho Code § 55-1004(1).  Alternatively, a person may establish a homestead in property which is not yet occupied, by recording the various declarations required by the statutes.  *Id.*  Specifically, if an owner "'selects a homestead from unimproved or improved land that is not yet occupied as a homestead,' he or she must execute and record a declaration of homestead and, 'if the owner also owns another parcel of property on which the owner presently resides or in which the owner claims a homestead, the owner must also execute [and record] a declaration of abandonment of homestead on that other property.'"  *Thorp v. Gugino*, 09.3 I.B.C.R. __, (D. Idaho, Aug. 12, 2009) (quoting Idaho Code § 55-1004(2)).

Debtors concede that they did not record a notice of abandonment as to the Von Elm Property.  They argue, however, that in this instance there was no need to file a formal declaration of abandonment because they consistently and clearly manifested their intent to claim a homestead in the Rich Lane Property from the inception of their bankruptcy case.  In this regard, Debtors argue, they complied with the underlying purpose of

MEMORANDUM OF DECISION - 13

the statute. This Court respectfully disagrees. As previously explained by this Court, the statute is drafted in "mandatory terms." *In re Thorp*, 08.4 I.B.C.R. 174 (Bankr. D. Idaho 2008), *aff'd*, 09.3 I.B.C.R. __ (D. Idaho, Aug. 12, 2009). Failure to comply with *both* declaration requirements is fatal to a debtors' claim of exemption. *Id.*

In summary, because Debtors cannot show that they "would have been entitled" to a homestead exemption under § 522(b), they cannot avoid the judicial liens of their creditors under § 522(f). The lien avoidance motions must therefore be denied.

## II.  Motion for relief from stay.

Section 362(d) of the Code provides:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay –
> (1)  for cause, including the lack of adequate protection of an interest in property of such party in interest;
> (2)  with respect to a stay of an act against property under subsection (a) of this section if –
> (A)  the debtor does not have an equity in such property; and
> (B)  such property is not necessary to

MEMORANDUM OF DECISION - 14

an effective reorganization[.]

11 U.S.C. § 362(d). In comments from the bench at the conclusion of the August hearing, the Court alluded that, because this was a chapter 7 liquidation bankruptcy case, if Debtors were unable to avoid Campbells' judicial lien, the Court intended to grant Campbells' motion for stay relief. Here's why.

As explained above, Debtors are not entitled to avoid the Campbells' judicial lien under § 522(f). Since the liens are enforceable, they survive discharge in bankruptcy. *Dewsnup v. Timm*, 502 U.S. 410, 418 (1992); *Brawders v. Ventura (In re Brawders)*, 503 F.3d 856, 867 (9th Cir. 2007). Debtors' schedules reveal that the amount of consensual debt encumbering the Rich Lane Property greatly exceeds its value.[5] In other words, Debtors lack any equity in the Rich Lane Property. In addition, since this is a liquidation case, the Rich Lane Property is not necessary for any reorganization. Accordingly, it is clear that Campbells are entitled to

---

[5] In their schedules, Debtors list the value of the Rich Lane Property at $205,000. The aggregate amount of secured claims as to this property is listed at $458,000. Docket No. 16.

MEMORANDUM OF DECISION - 15

relief from the stay to enforce their lien under § 362(d)(2).

## Conclusion

Debtors' motions to avoid the judicial liens of Dykeman and the Campbells will be denied. Campbells' motion for relief from the stay will be granted. Separate orders will be entered by the Court.

Dated: October 5, 2009

_____
Honorable Jim D. Pappas
United States Bankruptcy Judge